FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2018 OCT -5 AM 11: 17

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

PATRICE POWELL-GACHAU, on behalf of
herself and other similarly situated,

    Plaintiff,

v.

CASE NO.: 5:18-CV-516 OC 30PRL

FLORIDA HOME COMPANION, LLC,
a Florida Limited Liability Company,
and KHOA MA, Individually;

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PATRICE POWELL-GACHAU ("Plaintiff"), on behalf of herself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, FLORIDA HOME COMPANION, LLC ("FLORIDA HOME"), and KHOA MA, Individually ("MA") (collectively, "Defendants"), and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

### PARTIES

3. At all times material hereto, Plaintiff worked for Defendants as a non-exempt

Certified Nurse Assistant (CNA). Specifically, Plaintiff worked for Defendants from February 1, 2012 through September 2017.

4. At all times material hereto, FLORIDA HOME COMPANION, LLC was, and continues to be a Florida Limited Liability Company, with its corporate headquarters located in Altamonte Springs, Florida.

5. At all times material hereto, FLORIDA HOME COMPANION, LLC was, and continues to be, engaged in business in Florida, with a principle place of business in Lake County, Florida.

6. MA is and was FLORIDA HOME COMPANION, LLC's Corporate officer.

7. At all times material hereto, MA was and is a resident of the State of Florida.

8. At all times relevant to this action, MA managed and operated FLORIDA HOME COMPANION, LLC on a day to day basis.

9. At all times material hereto, MA regularly exercised the authority to hire and fire employees of FLORIDA HOME COMPANION, LLC

10. At all times material hereto, MA determined the work schedules for the employees of FLORIDA HOME COMPANION, LLC

11. At all times material hereto, MA controlled the finances and operations of FLORIDA HOME COMPANION, LLC

## COVERAGE

12. At all times material hereto, Defendants were, and continue to be, "employers" within the meaning of FLSA.

13. At all times material hereto, Defendants were, and continue to be, "enterprises engaged in commerce" within the meaning of FLSA.

2

14. At all times material hereto, Defendants were, and continue to be, enterprises engaged in the "production of goods for commerce" within the meaning of the FLSA.

15. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

16. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including office equipment, motor vehicles, cleaning supplies and wireless phones.

17. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

18. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA. Specifically, Plaintiff regularly used instrumentalities of interstate commerce throughout her employ, including driving on interstate highways and communicating with the out of state family members of Defendants' clients.

19. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

20. On or about February 1, 2012, Defendants hired Plaintiff to work as a non-exempt Certified Nurse Assistant (CNA).

21. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

22. From at least February 1, 2012 and continuing through September 2017, Defendants failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiff should be

3

compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

23. Defendants have violated Title 29 U.S.C. §207 from at least February 1, 2012 and continuing through September 2017, in that:

    a. Plaintiff worked in excess of forty (40) hours per week during the period of employment with Defendants;

    b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Defendants have failed to maintain proper time records as mandated by the FLSA.

24. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff and the class members were all non-exempt employees of Defendants and performed the same or similar job duties as one another in that they provided elderly and senior care on behalf of Defendants, employed in the position of "CNA".

26. All of these individuals were and are paid in the same manner, flat hourly rate for all hours worked.

27. All of these individuals were misclassified as independent contractors despite the fact that they:

    a. were economically dependent on Defendants;

      b.      assisted Defendants in carrying out their principal business;

      c.      performed exactly the same job in exactly the same manner, and were paid exactly the same way as other individuals classified as "employees";

      d.      were not required to mailed any substantial financial investment in their employment, as specific materials were not required to perform their duties;

      e.      received all assignments, and assigned times for appointments, from Defendants; and

      f.      were unable to enhance/increase their wages other than by performing additional work.

28. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were all paid a flat rate per hour but were not compensated at a rate one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

29. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

30. Defendants' failure to compensate its "CNA's" and other employees employed in similar positions for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice applicable to all of Defendants' non-exempt "CNA's" and employees employed in similar positions.

31. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

5

> **All flat-rate paid "CNA's" and other individuals working for Defendants providing elderly and senior care, who worked for Defendants within the last three years, whose income was reported on IRS Form 1099, who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.**

32. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

33. Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

34. During the relevant period, Defendants violated the FLSA by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

35. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

36. Defendants have failed to maintain accurate records of Plaintiff's and the class members' work hours in accordance with the law.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

37. Plaintiff realleges and reavers paragraphs 1 through 37 of the Complaint as if fully set forth herein.

38. From at least February 1, 2012 and continuing through September 2017, Plaintiff

6

worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

39. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

40. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

41. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

42. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

43. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

44. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

45. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees for fewer hours than they actually worked.

46. Based upon information and belief, the employees and former employees of

Defendants similarly situated to Plaintiff were not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty (40) or more hours in a work week, Defendants have failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Awarding Plaintiff pre-judgment interest; and

    f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 4th day of October, 2018.

Respectfully submitted,

*/s/ Andrew R. Frisch*
Andrew R. Frisch, Esq.
FL Bar No.: 27777
Chanelle J. Ventura, Esq.
FL Bar. No 1002876
MORGAN & MORGAN, P. A.
600 Pine Island Road, Suite 400
Plantation, FL 33324
T: (954) WORKERS; F: (954) 327-3013
E-mail: AFrisch@forthepeople.com

*Trial Counsels for Plaintiff*